**Freddie L. WESTON, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 18441.**

United States Court of Appeals
Sixth Circuit.

Sept. 12, 1969.

B. Rex McGee, Knoxville, Tenn., for appellant.

Elmer D. Davies, Jr., Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., George F. McCanless, Atty. Gen. and Reporter, State of Tennessee, of counsel, for appellee.

Before McCREE and COMBS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellant appeals from an order denying his petition for a writ of habeas corpus, based on the claim that he was not represented by counsel when he was arrested, interrogated, subjected to a preliminary hearing, and entered a plea of guilty in August 1954, to two offenses of robbery, in the Criminal Court of Knox County, Tennessee, for which he was sentenced to five to ten years' imprisonment on each offense, or a total of from ten to twenty years. The date of expiration of the 1954 sentence is August 1974.

On the issue of whether appellant had counsel when he entered his plea of guilty, the District Court merely said in its opinion: "The judgments show that he did have counsel." No other finding was made on this issue.

Appellant relies upon Gideon v. Wainwright, 372 U.S. 335, 344, 345, 83 S.Ct. 792, 796–797, 9 L.Ed.2d 799, in which it was said:

"The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours. From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him. A defendant's need for a lawyer is nowhere better stated than in the moving words of Mr. Justice Sutherland in Powell v. Alabama:

'The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science

of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.' " 287 U.S., at 68–69, 53 S.Ct., at 64, 77 L.Ed. 158.

The District Court in its opinion stated that appellant's case was tried long before Gideon v. Wainwright, but the decision in that case was retroactive. Tehan v. United States ex rel. Shott, 382 U.S. 406, 416, 86 S.Ct. 459, 15 L.Ed.2d 453. It was considered by the District Court that the facts in *Gideon* were entirely different from the facts in the instant case, in that Gideon had asked the court to appoint a lawyer for him, stating that he was without funds to employ a lawyer; that the court had refused Gideon's request; that Gideon's constitutional rights were thereby violated and his conviction void; and that, in this case, appellant's rights were not violated when he entered pleas of guilty in 1954.

We are of the view that *Gideon* is here applicable, and that appellant's plea of guilty, if made without representation by, or assistance of, counsel, resulted in a deprivation of his constitutional rights under the Sixth Amendment to have assistance of counsel in a criminal prosecution.

With regard to a conviction in 1964, we are not here concerned as all allegations and averments in that cause were abandoned by appellant in the present proceeding.

In accordance with the foregoing, the judgment is vacated and the case remanded to the District Court for a finding by the district judge whether appellant was represented by counsel in the 1954 proceedings.